```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT BACON,

               Plaintiff,

vs.                           Case No. 2:08-cv-792-FtM-29DNF

UNITED STATES DEPARTMENT OF
TREASURY, INTERNAL REVENUE SERVICE,
THE COMMISSIONER OF THE INTERNAL
REVENUE SERVICE, JOHN AND JANE DOES,
a fictitious name, XYZ, INC. a
fictitious name,

               Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Government's Motion to Dismiss (Doc. #6) filed on October 27, 2008. Plaintiff filed a Response (Doc. #10) on December 10, 2008.

**I.**

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint; the court takes the allegations in the complaint as true, and the complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Morrison, 323 F.3d at 924 n.5. In a factual attack motion, the Court is not limited to the

facts alleged in the Complaint, but may consider extrinsic evidence such as testimony and affidavits as long as the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action. Morrison, 323 F.3d at 924-25; Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). Defendant in this case mounts a facial attack on the Complaint (Doc. #2).

## II.

The one page Complaint alleges that on "March 15, 1999 the Commissioner of the Internal Revenue Service took Plaintiff to court for a civil matter and did not allow Plaintiff to have a jury trial as guaranteed under the United States Constitution." (Doc. #2, ¶2.) Specifically, plaintiff asserts that his Seventh Amendment right to a jury trial was violated. Plaintiff seeks damages in "excess of $2,000,000." (Doc. #2, ¶1.) The Court notes that it appears from the record that the hearing referred to in plaintiff's Complaint took place before the United States Tax Court in Philadelphia, Pennsylvania. (Doc. #6, p. 2.)

## III.

Defendant's Motion to Dismiss asserts that the Complaint should be dismissed because "Plaintiff's claim is based on the Seventh Amendment and the federal government has not waived its sovereign immunity for such constitutional tort." (Doc. #6, p. 1) In the alternative, defendant also asserts that plaintiff was not

entitled to a jury trial for his hearing before the Tax Court. (Doc. #6, p. 2.)

Federal courts may exercise subject matter jurisdiction over an action against a federal agency only if the United States has consented to be sued by waiving sovereign immunity. United States v. Mitchell, 463 U.S. 206, 212 (1983). The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States for certain torts committed by the government or its employees. See 28 U.S.C. § 1346. However, constitutional torts are not cognizable under the FTCA. See, e.g., FDIC v. Meyer, 510 U.S. 471, 478 (1994); Thibeau v. U.S. Attorney Gen., 275 Fed. Appx. 889, 893 (11th Cir. 2008).

Plaintiff's only claim against the defendant is for violating his Seventh Amendment right to a jury trial. The Court finds that such an allegation does not provide it with subject matter jurisdiction to hear the case. The government has not waived for constitutional torts. Therefore defendant's motion is granted.

In the alternative, even if the Court had jurisdiction to hear plaintiff's case, the Court finds that the Complaint fails to state a claim for which relief can be granted. Contrary to plaintiff's assertion, he does not have a right to a jury trial for proceedings before a tax court. See Mathes v. Comm'r of Internal Revenue Serv., 576 F.2d 70, 71 (5th Cir. 1978)[1]; Martin v. Comm'r of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th (continued...)

Internal Revenue Serv., 756 F.2d 38 (6th Cir. 1985); Dawn v. Comm'r of Internal Revenue Serv., 675 F.2d 1077 (9th Cir. 1982). Therefore plaintiff's Complaint is dismissed.

Accordingly, it is now

**ORDERED**:

Government's Motion to Dismiss (Doc. #6) is **GRANTED** and plaintiff's Complaint (Doc. #2) is **dismissed.**

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of February, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[1](...continued)
Cir. 1981)(en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.